IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM TECHNOLOGIES, INC.,   )
          )
      Movant,   )   Misc. Case. No. _____
          )
   v.   )
          )   Case Pending in the Western District of
WI-LAN INC.,   )   Texas, Midland Division, Civil Action No.
          )   7:24-cv-00296-LS
      Respondent.   )
          )

## QUALCOMM'S MOTION FOR LEAVE TO FILE UNDER SEAL

Qualcomm Technologies, Inc.("Qualcomm") respectfully moves the Court for an Order permitting it to file its opening brief in support of its Motion to Compel Compliance With Subpoenas *Duces Tecum* And *Ad Testificandum* and supporting papers (collectively, the "Motion to Compel Papers") under seal. The grounds for this motion are as follows:

1.      The underlying motion to compel arises out of a patent infringement case brought by Polaris Innovations Limited ("Polaris") against Qualcomm in the Western District of Texas, styled *Polaris Innovations Ltd. v. Qualcomm Inc. et al.*, 7:24-cv-00296-LS (W.D.Tex.) ("the Texas Litigation").

2.      In the Texas Litigation, Qualcomm served subpoenas on Polaris's parent entity, Wi-LAN Inc. ("Wi-LAN") seeking discovery relating to the licensing and valuation of the asserted patents, as well as information relating to standing and ownership issues of the asserted patents and Polaris.

3.      The Motion to Compel Papers refer to and quote from (i) financial documents produced by Polaris in the Texas Litigation designated as confidential subject to the protective order entered in the Texas Litigation, (ii) various settlement and license agreements of Polaris and Wi-LAN that were produced under a confidentiality designation subject to the protective order in

1

the Texas Litigation, and (iii) email and letter correspondence between counsel for Qualcomm and Wi-LAN and Qualcomm and Polaris discussing confidential information belonging to Wi-LAN and Polaris.

4.      This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994).  Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access.  *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)).  Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests").  Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.,* 638 F.3d at 222.

5.      Permitting Qualcomm to file its Motion to Compel Papers under seal will preserve the status quo with respect to the parties' rights and obligations under the protective order entered in the Texas Litigation, and protect the confidentiality of the financial documents and settlement/license agreements and their terms, including those terms containing sensitive non-

2

public information.  These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

WHEREFORE, Qualcomm respectfully requests that the Court issue an Order in the form attached hereto permitting Qualcomm to file its Motion to Compel Papers under seal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com

OF COUNSEL:

Michael A. Bittner
KING & SPALDING LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
(214) 764 4600

*Attorneys for Movant*
*Qualcomm Technologies, Inc.*

May 30, 2026